UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. CLARK, | ) | CASE NO. 4:07CV0941 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| N. JOHNSTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court are objections filed by plaintiff with respect to two orders issued by the Magistrate Judge, namely, Doc. Nos. 123 and 126, wherein he ruled and then clarified that "the only issue to be addressed by this Court on remand is the confiscation of Plaintiff's legal and personal property in retaliation for his participation in a class action lawsuit and filing of other complaints and grievances." (Doc. No. 126 at 8.)[1] There has been no opposition to the objections.

Under Fed. R. Civ. P. 72, when objections are filed to a Magistrate Judge's Order on a non-dispositive matter, the district court must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A).

---

[1] The Magistrate Judge was actually ruling on two motions filed by the plaintiff, one to reinstate all of the defendants and the other for leave to file a second amended complaint. He concluded that the motion to reinstate was moot "because no defendant has been dismissed from this case[.]" (Doc. No. 123 at 6.) He permitted the second amended complaint, with limitations. Specifically, he noted that the second amended complaint was helpful to the Court and to the defendants because it "identifies each of the defendants as well as their alleged involvement in each alleged constitutional violation [... and] reveals that at least three of the defendants are not alleged to have played any role in the remaining retaliation claims." (*Id*. at 7.) However, the Magistrate Judge made quite clear that, to the extent the second amended complaint attempted to "cure the deficiencies in his amended complaint, and, thereby, revive the failed claims[,]" that was "in no way permitt[ed]." (Doc. No. 123 at 10, 11.)

# I. DISCUSSION

Plaintiff's objections are in the nature of factual objections. Except for some limited interpretation of the Sixth Circuit's opinion on appeal, he has made no arguments based on law. Therefore, under Rule 72, this Court's review addresses only whether any of the Magistrate Judge's factual findings to which plantiff objects are "clearly erroneous."

### *Objection I*

The plaintiff's first objection is that the Magistrate Judge incorrectly determined that his second amended complaint is attempting to refashion his argument to revive dismissed constitutional claims. He points to allegations in both his original and his first amended complaint for the proposition that his retaliation claim is much broader than just the confiscation of his personal and legal property. In particular, he identifies a litany of allegations in the original complaint relating to defendants' breaking his television, threatening him, confiscating his personal and legal property, writing false conduct reports against him, and placing him in segregation. He insists that the following paragraph from his original complaint sweeps all of these allegations within his retaliation claim:

> 14.) All of these actions taken against me, as a whole, constitute CRUEL & UNUSUAL PUNISHMENT, and CONSPIRACY to violate my constitutional rights in retaliation, violating my First Amendment Rights.

(Doc. No. 1, p. 10) (capitalization in original).

He further points to a paragraph in his first amended complaint for the same proposition:

> 1.) This action involves various malicious acts of harassment and retaliation by various OSP staff acting under color of State law in a conspiracy to violate my constitutional rights both for my participation and testimony in federal court in a class action against OSP, and for my complaints against some of them individually.

(Doc. No. 3, p. 2.)

Notwithstanding plaintiff's current objection, the Sixth Circuit, when it considered his appeal from this Court's dismissal of his action, made quite clear that plaintiff had alleged retaliation claims based on two forms of protected conduct: one based on the exercise of his First Amendment rights and the other based on his participation in a federal class action and his criticism of prison officials by way of complaints and grievances. The court stated unequivocally that no First Amendment retaliation claim survived which was premised on the complaints plaintiff made about OSP officials to an ODRC official, *see* Doc. No. 101, at 12-13,[2] and that the dismissal of his remaining claims (identified by the Circuit as due process claims, claims of cruel and unusual punishment and denial of access to the courts, plus violations of the First and Sixth Amendments) must be affirmed, but that his "other retaliation claim must be reinstated." *Id*. at 2. The court identified the "other" retaliation claim as being "based on his participation in a class action lawsuit and the filing of other complaints and grievances, which allegedly led to the confiscation of his personal and legal property. (*Id.* at 16.) This latter retaliation claim was the only one that survived on appeal.

Therefore, plaintiff's first objection is overruled and the Magistrate Judge's Order is affirmed to the extent it clarifies the exact nature of the only claim remaining for resolution.

## *Objection II*

Plaintiff asserts that his complaint to an ODRC official was not predicated on his previous protected conduct of participating in a class action or his filing of other complaints and grievances prior to the confiscation of his property.

---

[2] The Sixth Circuit also made clear that, because an amended complaint had been filed, the allegations of the original complaint should no longer be considered. (Doc. No. 101, at 12.)

This objection is overruled because the Sixth Circuit made clear that any complaints plaintiff made to an ODRC official were part of the properly dismissed First Amendment retaliation claim. (Doc. No. 101, at 12-13.)

### *Objection III*

The third objection is:

> The *Clark* Court's opinion does not, as claimed, support the magistrate's contention that its reference to "previous grievances", references the "other complaints and grievances" associated with the remanded retaliation claim; but rather demonstrates the exact opposite.

Plaintiff argues in this objection that the Magistrate Judge, at page 4 of Doc. No. 126, has somehow "attempt[ed] to limit the defendants' liability for retaliation against [plaintiff] by writing false conduct reports [...] and having [plaintiff] improperly placed in segregation" by stating that the Sixth Circuit had found these claims properly dismissed "because [he] failed to demonstrate that [his] previous grievances, which were the subject of the complaints to the ODRC official, were not frivolous."

This objection has no merit. The Magistrate Judge was not limiting anything. He was merely pointing out that the Sixth Circuit had rejected all of plaintiff's constitutional claims, *including* his retaliation claim based on complaints he made to an ODRC official about the job performance of OSP officials and about their alleged failure to answer his previous grievances. The Sixth Circuit, not the Magistrate Judge, stated that plaintiff's surviving retaliation claim did *not* encompass any allegations of false conduct reports or improper placement in segregation, adverse actions which he had alleged were retaliation for his complaint to the ODRC official.

This objection is overruled.

*Objection IV*

Plaintiff asserts that the Magistrate Judge "reli[ed] on a "typo" in a footnote of the Sixth Circuit's opinion to limit the defendant's liability" for retaliation connected to plaintiff's protected conduct of participating in a class action and filing other grievances and complaints.

Plaintiff specifically points to footnote 5 of the Sixth Circuit opinion as containing a "typo." It states:

> The district court differentiated between Clark's retaliation claims based on the adverse actions taken—confiscation of Clark's personal and legal property, and Clark's placement in segregation. **However**, this opinion differentiates between Clark's retaliation claims based on the protected conduct alleged—Clark's participation in a class action lawsuit and his filing of other complaints and grievances, and Clark's complaint to an ODRC official. **For clarification**, the retaliation claim regarding Clark's participation in a class action lawsuit and his filing of other complaints and grievances **also** alleges that his personal and legal property were confiscated because of these actions. Meanwhile, the retaliation claim regarding Clark's complaint to an ODRC official **also** alleges that he was placed in segregation because of his actions.

(Doc. No. 101 at 16-17, n.5) (bolding added by plaintiff.)

Plaintiff declares:

> the Sixth Circuit meant to say "only" in the second instance of the use of "also", in the last sentence; because if you go with "also", you're still supporting my position, only saying it in a different way; because you would be saying that, because of my complaint to an ODRC official I was placed in segregation **in addition** to something else; but the question becomes, in addition to what?

(Objections at 6) (bolding in original). To read this otherwise, according to the plaintiff, "one would have to completely ignore everything the Court said, and then specifically argue that the [Judges] that have made it to the Sixth Circuit are idiots[.]" (*Id.* at 7.)

Plaintiff is completely misreading the section quoted above from the Sixth Circuit's opinion. The panel was merely pointing out a nuance, namely, that it had evaluated his retaliation claims based on his two forms of *protected conduct*: participation in

5

lawsuits/complaints/grievances and complaining to an ODRC official, whereas this Court had evaluated the claims based on the *adverse actions* taken: confiscation of legal/personal property and placement in segregation. The Sixth Circuit then went on to clarify that confiscation had been the adverse action for the first form of protected activity. It also noted that segregation had been the adverse action for the second form of protected activity; however, that claim of retaliation had already been rejected by the Circuit in an earlier portion of its opinion.

This objection has no merit and is overruled.

### *Objection V*

In this objection, plaintiff argues that the Sixth Circuit connected his surviving retaliation claim to the confiscation of his property only by way of example, not by way of limiting the adverse actions he could use in order to prove the retaliation claim. In other words, he continues to insist that he be allowed to identify other forms of adverse action besides the confiscation of his legal and personal property, in connection with his claim of retaliation for his involvement in the class action lawsuit and other grievances.

The Sixth Circuit very clearly linked each of plaintiff's two retaliation claims (one dismissed on summary judgment and the other dismissed on a motion to dismiss, but surviving on remand) to very particular forms of adverse actions. In determining that the latter retaliation claim should have survived on the standard for a motion to dismiss, the Circuit quite clearly stated in its remand order: "Thus, Clark adequately pleaded retaliation [for purposes of withstanding a motion to dismiss], through confiscation of his property, for his involvement in a class action lawsuit and his filing of other complaints and grievances." (Doc. No. 101 at 19.) In a footnote, the Circuit also noted: "This does not mean that Clark would survive a motion for

6

summary judgment by defendants on this claim, but the district court did not rule upon this particular retaliation claim at the summary judgment stage." (*Id*., n. 7.)

This objection has no merit and is overruled.

## II. CONCLUSION

For the reasons discussed above, all of plaintiff's objections are overruled. The Court need not modify either of the Orders issued by the Magistrate Judge (Doc. Nos. 123 and 126) and they, therefore, stand as written.

**IT IS SO ORDERED**.

Dated: October 7, 2011

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**