UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. CLARK, | ) | CASE NO. 4:07CV941 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| N. JOHNSTON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the report and recommendation of the Magistrate Judge in the above-entitled action. Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [. . .]

28 U.S.C. § 636(b)(1)(C).

The R&R was filed on January 15, 2013. Objections were not due until February 1, 2013. However, on January 30, 2013, plaintiff sought a 30-day extension. On January 31, 2013, the Court granted plaintiff leave until February 14, 2013 to file his objections, which amounted to a total of 30 days to object to the R&R. (*See* Doc. No. 176.)[1] This order was mailed to plaintiff on

---

[1] As explained in the order granting the extension, plaintiff's task was narrow: to "file his *specific* objections to the R&R." (Doc. No. 176 at 1151, emphasis in original.) Since he had already had almost 14 days to work on the objections, the Court concluded that his request for an additional 30 days was "excessive, even for a pro se prisoner litigant." (*Id.*). A cursory review of the docket will show that the plaintiff has been given *many* extensions of time throughout the course of these protracted proceedings. In view of the fact that the issues on summary judgment were also narrow, the Court believed that the additional time granted was sufficient.

the same day it was issued. There is nothing in the record to suggest that this mailing was undelivered.

No objections were filed on or before February 14, 2013. In an abundance of caution, since plaintiff's motion for an extension had sought leave to file his objections on March 3, 2013 (a Sunday), the Court waited until March 4, 2013 to be certain no objections would be filed.[2] None were.

The failure to file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's report and recommendation and accepts the same. Accordingly, the Court **GRANTS** defendants' motion for summary judgment (Doc. No. 161) and **DISMISSES** this action. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 5, 2013

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[2] Although deadlines are important, courts typically allow some leeway for pro se litigants.