UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. CLARK, | ) | CASE NO. 4:07-cv-941 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| N. JOHNSTON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is pro se plaintiff's emergency motion for reinstatement of proceedings,[1] relief from judgment or, in the alternative, to enforce settlement agreement. (Doc. No. 254 ["Mot."].) Defendants have filed a response in opposition (Doc. No. 257 ["Opp'n"]), and plaintiff has filed his reply (Doc. No. 258 ["Reply"]), along with a transcript of the settlement proceedings conducted by Magistrate Judge Limbert on July 6, 2016 (Doc. No. 259).

The instant motion seeks relief from the judgment under Fed. R. Civ. P. 60(b). The rule "'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.'" *Miller v. Wilkinson*, No. 2:10-CV-917, 2015 WL 4498740, at *3 (S.D. Ohio July 23, 2015) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). "The movant

---

[1] This request to reinstate the proceedings appears to be based on 18 U.S.C. § 3626(c)(2)(A), a section of the Prison Litigation Reform Act ("PLRA"), that permits "private settlement agreements" so long as "the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled." Cases brought under this statute most often involve claims by certified classes of prisoners seeking prison-wide reform of some kind. These are often resolved by court-approved consent decrees, which are significantly limited by the terms of the PLRA, but they can also be resolved by private settlement agreements, for which the Act provides more leeway. Despite his citation to this statute, plaintiff makes no specific argument why the PLRA should apply here. He certainly did not bring his original complaint under this statute.

bears the burden of demonstrating that this case falls within the circumstances [of the rule]." *Id.* (citation omitted). "[C]ourts are 'not [to] disturb the finality of a judgment without good reason.'" *Id.* at *4 (quoting *Broussard v. Johnson*, No. 00-40295, 2001 WL 502799, at *2 (5th Cir. Apr. 27, 2001)).

Plaintiff presents no legal arguments relating to Rule 60. Beyond citing the statute, he states no reason why it applies. The gist of his motion seems to relate to what he now perceives as "retaliation . . . due to the settlement in this case." (Mot. at 1750-51.) Attached to the motion are two informal complaints, dated July 21, 2016 and July 27, 2016,[2] each dealing with alleged non-compliance with the settlement agreement, the responses to which he apparently perceives as retaliation. He also broadly complains of various misconduct tickets (some of which occurred before the dismissal of this case) to argue that defendants are making "false claims and adverse moves against me in order to attempt to raise my security in order to deny me access to my records or otherwise restrict my ability to access to the courts." (Mot. at 1757.) Aside from the fact that he fails to link any of these misconduct tickets to any of the *actual defendants* in this case, plaintiff's mere belief that prison authorities are acting with ill intent or in retaliation does not make it so. His partially favorable outcome in this single case does not immunize him from ordinary prison disciplinary proceedings related to his own conduct.

---

[2] At the time of the settlement agreement, plaintiff was "under an indefinite restriction that prohibit[ed] his access to computer terminals, programs, and computer services in the TCI Library, and other areas of TCI that other inmates who are not under similar restrictions enjoy." (Settlement Agreement, § II(B)(1).) The agreement provides: "Notwithstanding this restriction, *and during the term of this restriction*, however long it remains in place, the TCI Library will be equipped with at least one (1) modified computer that will enable Plaintiff to locate, review, study, and research the documents on the disks that are retained by his Unit Staff." (*Id.* § II(B)(2).) The response to the July 27th complaint indicates that this restriction has been lifted and he has full access, just like other prisoners. Therefore, since the "term of this restriction" is over, the special exception is no longer required, by the terms of the agreement that he signed.

As an alternative to Rule 60(b) relief, plaintiff's motion seeks enforcement of the settlement agreement. But, as noted in a previous order issued in response to an attempt by plaintiff to seek post-judgment injunctive relief: "This case is closed, having been dismissed with prejudice on July 29, 2016, at the parties' joint request, over their individual signatures, and with the Court's approval of their proposed dismissal order, which did not contain any language about retaining jurisdiction to enforce their settlement." (Doc. No. 252 at 1745.) Plaintiff claims that the settlement agreement itself, a purported copy of which he supplies, although the copy is not executed by anyone but him and his appointed counsel (*see* Doc. No. 254-1),[3] contains a section addressing "Breach of Agreement," that provides: "the assigned trial court will maintain jurisdiction for the purpose of enforcing the terms of this agreement." (*Id.* at 1763.) The transcript of the settlement conference before Magistrate Judge Limbert reflects the same. (*See* Doc. No. 259 at 1811.)

But, as previously pointed out: "A Court speaks through its judgments and orders, and the dismissal order in this case, signed by the parties and the Court, contains no language stating that jurisdiction was retained." (Order, Doc. No. 252 at 1747.) Additionally, in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Supreme Court unanimously held that federal courts, which are courts of limited jurisdiction, do not have jurisdiction to enforce a settlement agreement in a dismissed case unless the parties agree and the court embodies the settlement agreement in its dismissal order. Specifically, the Court held:

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with

---

[3] Plaintiff indicates that he sent a certified letter to his counsel on January 21, 2017 seeking a fully executed copy, but he has received no response. (Mot. at 1753.) The Court has no reason to disbelieve this. Further, defendants have not challenged the authenticity of the document. (*See* Opp'n at 1792.)

> regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Id.* at 381-82. Here, in their joint notice of dismissal, the parties did not include language asking the Court to retain jurisdiction, nor did the Court, in its discretion, accept any such jurisdiction. *See* Doc. No. 249. Accordingly, the Court has no such jurisdiction.

In short, notwithstanding what the settlement agreement (*between the parties*) provides, which was read into the record before the magistrate judge who assisted in settling the case, the parties did not ask this Court to accept continuing jurisdiction, nor did this Court accept such jurisdiction. The parties were free to agree to jointly execute a final judgment that did not include retention of jurisdiction as a term of dismissal, and they did just that. If plaintiff believed the proposed joint dismissal entry did not conform to his expectations regarding continuing jurisdiction, he should have declined to sign it. But he did not decline; therefore, the final judgment says only what it says, and its terms do not include retained jurisdiction by this Court.

For the reasons set forth herein, plaintiff's emergency motion for reinstatement of proceedings, relief from judgment or, in the alternative, to enforce the settlement agreement (Doc. No. 254) is denied.

**IT IS SO ORDERED**.

Dated: July 7, 2017

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**